IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-11-1233** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| DETECTIVE's DEPT., Harrisburg City Police Dept., | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff Charles Reuben Funk[1], an inmate at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, filed this civil rights action, pursuant to 42 U.S.C. § 1983, on June 30, 2011. Plaintiff is proceeding *pro se*. Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 3).

On July 7, 2011, the Court entered an Order which directed Plaintiff to file an amended complaint within fifteen (15) days of the date of said Order. The 6-page Order specified in detail the deficiencies of Plaintiff's original Complaint. Said Order further stated that Plaintiff's failure to timely file his amended complaint will result in the issuance of a report and recommendation that his action be dismissed. (Doc. 7).

The time in which Plaintiff was to have filed his amended complaint has expired. The Court, *sua sponte*, gave the *pro se* Plaintiff an additional nineteen days to file his amended

---

[1] Plaintiff has previously filed the following civil actions with this Court: M.D. Pa. Civ. No. 3:CV-08-0039; 3:CV-89-1640; 3:CV-93-1615; 3:CV-97-541; 3:CV-99-2229.

complaint. The Plaintiff has neither filed his amended complaint nor requested an extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since he filed this action on June 30, 2011.

## II. Discussion.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Nelson v. Dauphin County* Prison, 2009 WL 4269087 (M.D. Pa.). *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff's original Complaint clearly did not meet the requirements of the Federal Rules of Civil Procedure as detailed in our July 7, 2011 Order. (Doc. 7). Plaintiff's claim consisted entirely of the following statement:

> I'm sueing (sic) for $55,000.00. I was place[d] under the Megans Law and I was being harrasst (sic) by the Harrisburg City Police Dept. Detective Victor Rivera and I was homeless and liveing (sic) in a tent down by PennDOT. Because I did not have an address and not letting the Pa. State Police and the Harrisburg City Police to know where my new address was. I was waiting for my SSI checks to get on so I can get an apartment. I was homeless and have witness (sic) can prove I was homeless.

*See* Doc. 1.

Plaintiff named as Defendant "Detective's Dept. Harrisburg City Police Dept." Plaintiff's Complaint did not specify any conduct, wrongful or otherwise, of the named Defendant. In fact, Plaintiff's Complaint did not even mention any personal involvement of the named Defendant with any cognizable constitutional claim.

As stated, Plaintiff was afforded fifteen (15) days from the date of the July 7, 2011 Order to file his Amended Complaint. (Doc. 7). Plaintiff was directed to file a comprehensive Amended Complaint setting forth his claims in short, concise, plain statements in sequentially numbered paragraphs. The Court stated that Plaintiff's Amended Complaint was to be a new pleading which stood by itself without reference to the documents already filed, and that his Amended Complaint was to be complete in all respects. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff was also advised that his Amended Complaint should identify the claims asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated his rights. *See Biers v. Nicola* 860 F.Supp. 226, 236 (E.D. Pa. 1994) (affording

*pro se* plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); *Meekins v. Colleran*, No. 3:CV 05 1394, 2005 WL 2133677, at * 1 (M.D. Pa. Sept. 1, 2005).

Additionally, as stated, we warned Plaintiff that his failure to comply with the July 7, 2011 Order, as specified above, would result in a recommendation of dismissal of his case. (Doc. 7).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Order of this Court by his failure to timely file his Amended Complaint.  We shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Order.  Plaintiff should be deemed as abandoning his action.  *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b).  *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under

*Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Plaintiff Funk has taken no action with respect to his case since he filed the action on June 30, 2011, over one month ago. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with this Court's July 7, 2011 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). The consequences if Plaintiff failed to prosecute his case were clearly stated in our July 7, 2011 Order, namely, we will recommend that his case be dismissed. (Doc. 7). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.

> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case to be attributable to him personally. Plaintiff was required to have filed his Amended Complaint by July 22, 2011. As mentioned, we *sua sponte* afforded Plaintiff additional time within which to comply with the July 7, 2011 Order. Plaintiff has filed nothing in response to the stated Order, and he has not notified the Court that he intends to pursue his action.

We find that Plaintiff has caused prejudice to Defendant since it has been named in a federal lawsuit and no action, including service of a proper pleading, has been made on it to date. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his June 2011 case is nonetheless evidence of dilatoriness, especially since his case cannot proceed without his compliance with the July 7, 2011 Order.

Based on our discussion above, we find that the conduct of Plaintiff is wilful, especially since he has filed nothing with the Court in more than a month, since he has failed to respond to the July 7, 2011 Order, and since he has not contacted the Court to explain why he has failed to comply with the Order.

Plaintiff has been forewarned that his failure to comply with the July 7, 2011 Order will result in a recommendation that his case be dismissed. As stated, this case cannot proceed without Plaintiff's compliance with the July 7, 2011 Order. Since we will recommend that Plaintiff's case be dismissed without prejudice, and since Plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's July 7, 2011 Order demonstrates he has abandoned his case.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff Funk's failure to comply with the Court's July 7, 2011 Order. It is also recommended that Plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action. Further, it is recommended that Plaintiff's Motion to proceed *in forma pauperis* (Doc. 3) be granted solely for the purpose of filing this action.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: August 9, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-11-1233** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DETECTIVE's DEPT., Harrisburg City Police Dept., | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 9, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: August 9, 2011**