UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES REUBEN FUNK, : | |
| : | CIVIL ACTION NO. 3:11-CV-1233 |
| Plaintiff : | |
| : | (Judge Nealon) |
| v. : | (Magistrate Judge Blewitt) |
| : | |
| DETECTIVE'S DEPARTMENT, : | |
| : | |
| Defendants : | |

FILED
SCRANTON
NOV 10 2011
PER _____ DEPUTY CLERK

**MEMORANDUM and ORDER**

On June 30, 2011, Plaintiff, Charles Reuben Funk, who was then confined in the Dauphin County Prison, Harrisburg, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis. (Docs. 1, 3). Plaintiff alleged, inter alia, that during his Megan's Law registration period, he was harassed by the Harrisburg City Police Department. (Doc. 1). On July 7, 2011, Magistrate Judge Thomas M. Blewitt issued an Order outlining the required elements of a section 1983 action and explaining that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 7). The Order stated that although pro se litigants are accorded substantial deference, they may not ignore Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the grounds for relief. (Id.) (citing FED. R. CIV. P. 8). Magistrate Judge Blewitt determined that even under the most liberal construction, the instant Complaint is in violation of Rule 8. (Id.). Accordingly, Plaintiff was directed to file an amended complaint within fifteen (15) days specifying the unconstitutional actions alleged to have been committed by each defendant. (Doc. 7). The Magistrate Judge warned Plaintiff that his failure to comply with the Order would result in a recommendation that the action be dismissed. (Id.). After

Plaintiff failed to file an amended complaint, on August 9, 2011, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") concluding that the action should be dismissed without prejudice for Plaintiff's failure to file an amended complaint. (Doc. 8). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Discussion**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

After review of the instant record, it is concluded that the Report does not contain clear error. Pursuant to the screening requirements of the Prison Litigation Reform Act and the statute governing proceedings in forma pauperis, Magistrate Judge Blewitt reviewed the Complaint. (Doc. 8); see also Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915(e)(2)(B) (stating that "the court shall dismiss the case at any time if the court determines

that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"). The R&R outlines the applicable case law and explains why the Complaint does not satisfy the requirements of the Federal Rules of Civil Procedure. (Doc. 8). Magistrate Judge Blewitt concludes that "Plaintiff has failed to both prosecute his action and to comply with the Order of this Court by his failure to timely file his Amended Complaint." (Doc. 8, p. 4), citing FED. R. CIV. P. 41(b)) (allowing for the dismissal of an action for failure of the plaintiff to prosecute or comply with these rules or order of court); McCray v. Dauphin County Prison, 2007 U.S. Dist. LEXIS 7976 (M.D. Pa. 2007) (McClure, J.).

Next, having determined that "Plaintiff's conduct clearly shows that he intended to abandon his case, [the Magistrate Judge finds] that an analysis of the factors of Poulis v. State Farm Fire & Cas. Co., 747 F.3d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b)." (Doc. 8, p. 4) (citing Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994)). The R&R then includes a thorough analysis of these factors and concludes that "the Poulis factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's July 7, 2011 Order demonstrates he has abandoned his case." (Doc. 8, pp. 4-7).

In the absence of objections and finding no error in the Report, this Court will adopt the R&R. The Complaint will be dismissed without prejudice, Plaintiff's motion to proceed in forma pauperis will be granted, and the case will be closed.

Date: November 10, 2011            United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES REUBEN FUNK, : | |
| : | CIVIL ACTION NO. 3:11-CV-1233 |
| Plaintiff : | |
| : | (Judge Nealon) |
| v. : | (Magistrate Judge Blewitt) |
| : | |
| DETECTIVE'S DEPARTMENT, : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, THIS 10th DAY OF NOVEMBER, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 8) is **ADOPTED**:

    A. The Complaint (Doc. 1) is **DISMISSED without prejudice**;

    B. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **GRANTED** for the sole purpose of filing this action;

2. The Clerk of Court is directed to **CLOSE** this case; and

3. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_____
**United States District Judge**